# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JIMMY QUINN, | ) |
| Movant, | ) |
| v. | ) Case No. 1:08CV00173 ERW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#1]. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

Movant was indicted in the Eastern District of Missouri, Southeastern Division, by a grand jury for the charge of being a previously convicted felon in possession of a firearm, which is a violation of Title 18, United States Code, Section 922(g)(1). Movant was found guilty by a jury, and on November 19, 2003, the Court sentenced movant to 180 months imprisonment followed by three (3) years of supervised release.

After sentencing, movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed movant's conviction and

sentence. Movant petitioned the United States Supreme Court for relief from judgment, but the Supreme Court denied his petition for writ of certiorari on June 13, 2005.

On May 1, 2006, movant filed a petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. As grounds for relief, movant asserted: (1) ineffective assistance of counsel; (2) illegal search and seizure; (3) violation of Fifth Amendment Miranda rights and privilege against self incrimination; and (4) perjured, false and misleading witness testimony violating due process rights. This Court denied movant's motion on October 26, 2007, and declined to grant movant a certificate of appealability. Movant appealed the denial of the certificate of appealability, but his appeal was denied by the Eight Circuit Court of Appeals on October 28, 2008.

On December 12, 2008, movant filed the instant motion to vacate, arguing several grounds: (1) that he was actually innocent "because Congress did not intend for the Fed. Agents, A.T.F., U.S.A., to supercede state firearm laws;" (2) that he was actually innocent "because the Court created by Congress...did not order the [government] to prove requisite jurisdiction;"; (3) that he was provided ineffective assistance of counsel because "counsel performance was deficient when it came to challenging proof of jurisdiction over the person and land;" and (4) that he was provided ineffective assistance of counsel because "defense counselors' performance

was not guaranteed under the 6th Amend. and they failed to use the 'criminal defense techniques.'"

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

An appropriate Order if Dismissal shall accompany this Memorandum and Order.

Dated this 19th Day of December, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE